UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                       **Plaintiff,**

              v.                                        1:18-CV-832
                                                              (FJS/DJS)

**CONSTANCE LEONARDI,**

                       **Defendant.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **OVERTON, RUSSELL, DOERR & DONOVAN, LLP**<br>19 Executive Park Drive<br>Clifton Park, new York 12065<br>Attorneys for Plaintiff | **LINDA L. DONOVAN, ESQ.** |
| **CONSTANCE LEONARDI** | **NO APPEARANCE** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

Pending before the Court is Plaintiff's motion pursuant to Rule 55(b)(2) for entry of a default judgment in favor of Plaintiff and against Defendant. *See* Dkt. No. 8.

Plaintiff served the summons and complaint on Defendant "[b]y delivering and leaving with personally **JANE DOE (NAME REFUSED), CO-OCCUPANT** at the premises which is recipient's actual place of business/usual place of abode. Such person knowing the person to be served and associated with him/her, and after conversing with him/her, deponent believes him/her to be a suitable age and discretion." *See* Dkt. No. 4. Furthermore, "Deponent completed service by

depositing a true copy of [the summons, complaint, and civil cover sheet] in a postpaid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service. The package was labeled "Personal & Confidential" and mailed to [Constance Leonardi] at address 477 W FULTON ST EXT GLOVERSVILLE, NY 12078 on 8/9/2018. The envelope did not indicate on the outside that the communication was from an attorney or concerned an action against the recipient. The envelope was mailed by . . . first class mail . . . ." *See id.* Finally, the Certificate of Service provided that "JANE DOE (NAME REFUSED) CONFIRMED THAT CONSTANCE LEONARDI RESIDES AT THIS ADDRESS BUT REFUSED TO PROVIDE HER NAME OR RELATION TO THE DEFENDANT." *See id.*

Defendant neither answered nor otherwise appeared within the required time frame. Therefore, Plaintiff requested a Clerk's Entry of Default on September 5, 2018, *see* Dkt. No. 5, which the Clerk of the Court entered on September 6, 2018, *see* Dkt. No. 7. Plaintiff filed and served the pending motion for entry of a default judgment on September 11, 2018. *See* Dkt. No. 8.

Plaintiff seeks a default judgment against Defendant for damages of a sum certain. *See* Dkt. No. 8. According to the complaint and the Certificate of Indebtedness from the United States Department of Education (the "DOE"), on or about March 3, 2004, Defendant "executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education." *See* Dkt. No. 8 at 9. The DOE disbursed the loan for $8,216.63 and $11,925.59 on March 22, 2004 "at 4.25% interest per annum." *See id.* The DOE "demanded payment according to the terms of the note, and [Defendant] defaulted on the obligation on 01/23/05." *See id.* "Pursuant to 34 C.F.R. § 685.202(b), a total of $0.00 in unpaid interest was capitalized and added to the principal balance." *See id.* Finally, the DOE "credited a total of $8,300.68 in payment from all sources, including

Treasury Department offsets, if any, to the balance [and] [a]fter application of these payments, [Defendant] now owes the United States" $18,542.42 in principal and $5,887.03 in interest for a total debt of $24,429.45 as of February 28, 2018. *See id.* "Interest accrues on the principal . . . at the rate of $2.16 per day." *See id.*

## II. DISCUSSION

**A.     Default judgment standard**

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.,* 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a) the plaintiff must obtain a clerk's entry of default. *See* Fed. R. Civ. P. 55(a) (providing that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"); N.D.N.Y. L.R. 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment of affirmative relief is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded"). Second, under Rule 55(b), the plaintiff may apply for entry of a default judgment by the clerk "[i]f the plaintiff's claim is for a sum certain" or by the court "[i]n all other cases." Fed. R. Civ. P. 55(b)(1), (2); N.D.N.Y. L.R. 55.2(b) (providing that "[a] party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a **clerk's certificate of entry of default** . . ., **a proposed form of default judgment**, and a copy of the pleading to which no response has been

made").

**B.    Liability**

By failing to answer the complaint, Defendant is deemed to have admitted the factual allegations in the complaint. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (noting that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability" (citations omitted)). However, "before entering default judgment, the Court must review the Complaint to determine whether Plaintiff has stated a valid claim for relief." *Wells Fargo Bank, N.A. v. Barnes*, No. 3:16-CV-00533 (BKS/DEP), 2018 WL 6028050, *5 (N.D.N.Y. Nov. 16, 2018) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (other citation omitted).

The four elements necessary to establish a claim for the recovery of unpaid student loans are as follows: (1) "the defendant signed a promissory note to secure the loan"; (2) "the DOE issued the loan funds"; (3) "the defendant defaulted on the loan"; and (4) "the remaining amount due on the loan." *United States v. Thomas*, No. 16-CV-6076 (MKB), 2017 WL 2656123, *2 (E.D.N.Y. June 19, 2017) (citations omitted). In this case, Plaintiff has pled sufficient facts to establish that it is entitled to default judgment against Defendant for the unpaid amount of her student loan. Plaintiff alleged that Defendant executed a promissory note on or about March 3, 2004, and that the DOE disbursed the loan funds. The DOE demanded payment, and Defendant defaulted on the loan on January 23, 2005. Thus, taking the factual allegations in the complaint as true, the Court concludes that Plaintiff has stated a claim for the recovery of a student loan debt.

**C.    Damages**

"[I]t is well established that '[w]hile a party"s default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.* (citing Fed. R. Civ. P. 55(b)(2)) (other citation omitted). A hearing is not necessary where the record contains detailed affidavits and documentary evidence that enables the court to evaluate the proposed sum and determine an award of damages. *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (stating that "Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages"); Fed. R. Civ. P. 55(b)(2) (providing that "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter").

In this case, Plaintiff seeks unpaid principal in the amount of $24,429.45, accrued interest in the amount of $420.97 through September 11, 2018, together with interest thereafter to the date of entry of judgment at the rate of 4.25 percent per year. Plaintiff relies on the affirmation of its attorney and the Certificate of Indebtedness that the DOE issued to support its motion. The Certificate of Indebtedness shows that Defendant is indebted in the aforementioned amount. Therefore, the Court has a sufficient evidentiary basis for an award of damages as requested. *See*

*United States v. Zdenek*, No. 10-CV-5566 (JS), 2011 WL 6754100, *2 (E.D.N.Y. Dec. 22, 2011) (holding that the Certificate of Indebtedness is sufficient for awarding damages (citations omitted).[1]

### III. CONCLUSION

Accordingly, having reviewed the entire file in this matter, Plaintiff's submissions, and the applicable law, and, for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for entry of a default judgment against Defendant, *see* Dkt. No. 8, is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor against Defendant in the amount of $24,429.45 in unpaid principal, accrued interest in the amount of $420.97 through September 11, 2018, together with interest thereafter to the date of entry of judgment at the rate of 4.25 percent per year; and post-judgment interest from the date of entry of judgment to the date of payment pursuant to 28 U.S.C. § 1961; and the Court further

**ORDERS** that, if Plaintiff wishes to recover its costs "for service and travel," within thirty (30) days after entry of judgment, [it must file] a verified bill of costs on the forms that the Clerk provides" and comply with the other requirements of this District's Local Rule 54.1.

**IT IS SO ORDERED.**

Dated: April 2, 2019
       Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Senior United States District Judge

---

[1] Plaintiff also seeks costs in the amount of $25.00 for "Service and Travel, per 28 U.S.C. Sec. 1921" "in accordance with the provisions of 28 U.S.C. 1920, as specified by 28 U.S.C. §§ 1914, 1921." *See* Dkt. No. 8 at 4. Finally, Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961." *See* Dkt. No. 8-3.